**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN HANCOCK LIFE
INSURANCE COMPANY (U.S.A.),

     Plaintiff,

vs.                                                                  Case No.:

RANDY ALLEN RAYFIELD, individually;
JAMES ANDREW RAYFIELD,
individually; WILLIAM ROBERT
RAYFIELD, III, individually; SHARON
RAYFIELD, individually; AMERICAN
FUNERAL FINANCIAL, LLC


     Defendants.

_____/

**JOHN HANCOCK LIFE INUSRANCE COMPANY (U.S.A.)'S**
**COMPLAINT FOR INTERPLEADER RELIEF**

COMES NOW Plaintiff JOHN HANCOCK LIFE INUSRANCE COMPANY (U.S.A.) ("JOHN HANCOCK") and hereby files its claim for Interpleader Relief in this matter against the Defendants, Randy Allen Rayfield ("RANDY RAYFIELD"), individually; James Andrew Rayfield ("JAMES RAYFIELD"), individually; William Robert Rayfield, III ("WILLIAM RAYFIELD"), individually; Sharon Rayfield, individually and American Funeral Financial, LLC ("AMERICAN FUNERAL"). JOHN HANCOCK brings this claim for Interpleader Relief pursuant to 28 U.S.C. § 1335 and respectfully states as follows:

**JURISDICTION AND VENUE**

1.     JOHN HANCOCK is a life insurance company organized and existing under the laws of the state of Massachusetts with its principal place of business in Boston, Massachusetts.

2.      Defendant RANDY RAYFIELD, is a resident of and domiciled in Knoxville, Tennessee.

3.      Defendant JAMES RAYFIELD is a resident of and domiciled in Kissimmee, Florida.

4.      Defendant WILLIAM RAYFIELD is a resident of and domiciled in Winter Park, Florida.

5.      Defendant SHARON RAYFIELD is the ex-wife of William R. Rayfield ("DECEDENT"), and is a resident of and domiciled in Kissimmee, Florida.

6.      Defendant AMERICAN FUNERAL is a limited liability corporation organized and existing under the laws of the state of South Carolina.  Its principal place of business in Greenville, South Carolina.  Its members are residents of and domiciled in South Carolina.

7.      On or about May 17, 1972, JOHN HANCOCK, f/k/a John Hancock Mutual Life Insurance Company, issued to DECEDENT a whole life insurance policy numbered 062090665 in the amount of $5,000 ("LIFE POLICY 1").  See Policy number 062090665 attached here to as **Exhibit A**.

8.      On or about August 13, 1980, DECEDENT applied for and JOHN HANCOCK f/k/a John Hancock Mutual Life Insurance Company issued a whole life insurance policy, numbered 064421539 ("LIFE POLICY 2") in the amount of $14,000.  See Policy number 064421539 attached hereto as **Exhibit B**.

9.      Pursuant to 28 U.S.C. § 1335, at least two of the adverse claimants to the funds available under LIFE POLICY 1 and LIFE POLICY 2 are residents of and/or domiciled in different states and the funds at issue meet the minimum required amount ($500) for bringing a claim under this statute.

10.     Venue is proper as the DECEDENT was domiciled in this state and judicial district at the time of his death and one or more of the Defendants is domiciled in this state and judicial district.

## FACTUAL BACKGROUND

11.     On or about May 17, 1972, DECEDENT applied for LIFE POLICY 1, which was issued in the amount of $5,000 and dated May 17, 1972.  See attached **Exhibit A**.

12.     At the time of issuance of LIFE POLICY 1, the designated beneficiary was "Blanca A. Rayfield, wife, if living, otherwise to the children born of the marriage of the insured and said wife, or the survivors, equally."  See attached **Exhibit A**.

13.     On or about August 13, 1980, DECEDENT applied for LIFE POLICY 2, which was issued in the amount of $14,000 and dated August 13, 1980.  See attached **Exhibit B**.

14.     At the time of issuance of LIFE POLICY 2, the designated beneficiary was "Randy A. Rayfield, son, and William R. Rayfield, Jr., son, equally, or the survivor, if living, otherwise, Estate."  See attached **Exhibit B**.

15.     On or about August 21, 1980, DECEDENT submitted a Change of Beneficiary Designation on LIFE POLICY 1 changing the beneficiary to "Randy A. Rayfield, son and William R. Rayfield, Jr., son, equally, or the survivor, if living; otherwise Estate."  See attached **Exhibit C**.

16.     On or about December 16, 1988, DECEDENT submitted a Change of Beneficiary Designation on LIFE POLICY 1 changing the beneficiary to "Sharon G. Rayfield, current wife of the Insured, if living; otherwise Randy A. Rayfield, son and William R. Rayfield, son, equally, or the survivor, if living, otherwise, Estate.  See attached **Exhibit D**.

17.     On or about January 13, 2018, DECEDENT submitted a Change of Beneficiary designation on LIFE POLICY 2 changing the beneficiary to "Randy Allen Rayfield, son; James Andrew Rayfield, grandson; William Robert Rayfield III, grandson, equally".   See attached **Exhibit E**.

18.     The change was acknowledged by John Hancock in correspondence dated January 22, 2018.  See attached **Exhibit F**.

19.     On or about January 16, 2018, DECEDENT submitted a Change of Beneficiary designation on LIFE POLICY 1, changing the beneficiary to "Randy Allen Rayfield, son 100%". See attached **Exhibit G**.

20.     The change was acknowledged by John Hancock in correspondence dated January 22, 2018.  See attached **Exhibit H**.

21.     DECEDENT died on April 14, 2019.  A copy of the Death Certificate is attached hereto as **Exhibit I**.

22.     On or about April 18, 2019, John Hancock received an Assignment Notification from AMERICAN FUNERAL regarding LIFE POLICY 1.  See attached **Exhibit J**.

23.     On or about April 30, 2019, John Hancock received correspondence from counsel for Sharon Rayfield indicating that she was to be the sole beneficiary of the life insurance policies issued to DECEDENT by John Hancock pursuant to a Final Judgment of Dissolution of Marriage and Marital Settlement Agreement, which were enclosed with the counsel's correspondence.  See attached **Exhibit K**.

24.     On or about May 6, 2019, DECEDENT's son, RANDY RAYFIELD, submitted a Statement of Claim for Death Benefit form on LIFE POLICY 2.  That form was received by John Hancock on or about May 10, 2019.  See attached **Exhibit L**.

25.     On or about May 6, 2019, DECEDENT's grandson, WILLIAM RAYFIELD, submitted a Statement of Claim for Death Benefit on LIFE POLICY 2.  That form was received by John Hancock on or about May 10, 2019.  See attached **Exhibit M**.

26.     On or about May 17, 2019, DECEDENT's grandson, JAMES RAYFIELD, submitted a Statement of Claim for Death Benefit form on LIFE POLICY 2.  That form was received by JOHN HANCOCK on or about May 26, 2019.  See attached **Exhibit N**.

27.     On or about May 24, 2019, John Hancock received a second Assignment Notification from AMERICAN FUNERAL regarding LIFE POLICY 1.  See attached **Exhibit O**.

28.     On or about May 24, 2019, John Hancock received correspondence from counsel for Sharon Rayfield regarding her alleged claim to the benefits available under LIFE POLICY 1 and LIFE POLICY 2 and attaching, again, the Marital Settlement Agreement, as well as case law purporting to support her claim to the benefits under LIFE POLICY 1 and LIFE POLICY 2.  See attached **Exhibit P**.

29.     Based on conflicting claims, for the proceeds under LIFE POLICY 1 and LIFE POLICY 2, JOHN HANCOCK is unable to determine the rightful beneficiary or beneficiaries of those Policies.

30.     JOHN HANCOCK claims no title to, or interest in, the proceeds payable under the Policies at issue and is ready and willing to pay the proceeds to the person, persons and/or entities entitled to it, but JOHN HANCOCK is unable to make a determination as to who is legally entitled to receive the benefits at issue without exposing itself to double or multiple liability from Defendants.

31.     JOHN HANCOCK is ready, willing and hereby offers to deposit immediately with this Court the value of the LIFE POLICY 1 in the amount of $12,564.80 plus any applicable

accumulated interest as well as the value of LIFE POLICY 2 in the amount of $29,237.02 plus any

applicable accumulated interest.

32.     JOHN HANCOCK has no means other than this interpleader action to protect itself

against prospective double or multiple liabilities for the claims made by Defendants to the proceeds

payable under the Policies.

33.     JOHN HANCOCK specifically reserves its right to seek attorneys' fees and costs

for bringing this interpleader action.

WHEREFORE, JOHN HANCOCK requests that the Court enter a judgment:

a.      Directing JOHN HANCOCK to deposit the value of Policy Number 062090665 in

the amount of $12,564.80, plus any applicable interest, into the Court's registry;

b.      Directing JOHN HANCOCK to deposit the value of Policy Number 064421539 in

the amount of $29,231.02, plus any applicable interest, into the Court's registry;

c.      Directing Defendants Randy Allen Rayfield; James Andrew Rayfield; William

Robert Rayfield, III; Sharon Rayfield; AMERICAN FUNERAL Financial, LLC to interplead their

rights to these benefits;

d.      Prohibiting the Defendants from instituting any action against JOHN HANCOCK

to recover these benefits;

e.      Discharging JOHN HANCOCK from all liability to each arising out of matters

herein set forth upon payment of the proceeds of the Policies, together with applicable interest, if

any, into the Court's registry; and

f.      Awarding to JOHN HANCOCK its costs and attorney's fees associated with this

action from the funds it seeks to interplead.

DATED: July 11, 2019

Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
100 N. Tampa St., Suite 3600
Tampa, FL 33602
Tel: 813-221-7206
Fax: 813-289-6530
russell.buhite@ogletree.com
kathleen.massing@ogletree.com


*/s/ Kathleen Massing*
Russell S. Buhite
Florida Bar No. 0831085
Kathleen Massing
Florida Bar No. 0722219

*Attorneys for John Hancock Life*
*Insurance Company (U.S.A.)*

39059503.1

7