UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),**

      **Plaintiff,**

v.                                                 **Case No:   6:19-cv-1270-Orl-41EJK**

**RANDY ALLEN RAYFIELD, JAMES ANDREW RAYFIELD, WILLIAM ROBERT RAYFIELD, III , SHARON RAYFIELD and AMERICAN FUNERAL FINANCIAL, LLC,**

      **Defendants.**
_____/

## ORDER

Plaintiff, John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), instituted this interpleader action, concerning entitlement to the proceeds from two life insurance policies, against Defendants Randy Allen Rayfield; James Andrew Rayfield; William Robert Rayfield, III; Sharon Rayfield; and American Funeral Financial, LLC (collectively "Defendants"), pursuant to 28 U.S.C. §1335. (Doc. 1.) John Hancock paid into the Court's Registry policy proceeds in the amount of $44,479.54. (Docs. 38, 39.) On November 14, 2019, John Hancock filed an Unopposed Motion for Interpleader Relief and Final Judgment of Discharge (Doc. 42), which the Court granted on November 22, 2019 (Doc. 43). Consequently, John Hancock was dismissed from the action with prejudice and discharged from all further liability as to claims arising from the life insurance policies at issue in this action. (*Id.*)

In the present motion, John Hancock seeks to recover $11,660 in attorney's fees and costs associated with bringing the instant interpleader action. (Doc. 46.) American Funeral Financial, LLC, and Sharon Rayfield responded in opposition. (Docs. 47, 48.) The remaining defendants filed no response. For the reasons set forth below, the motion will be denied without prejudice.

**I.     DISCUSSION**

Section 1335 and Federal Rule of Civil Procedure 22 do not have provisions for awarding attorney's fees or costs in interpleader actions. "Federal practice, . . has followed the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover costs and attorney's fees from the stake itself. The court's authority to make an award is discretionary; there is no right for the stakeholder to recover costs and attorney's fees." *Life Ins. Co. of America v. Childs*, 209 F. Supp. 2d 1255 (M.D. Ala. May 23, 2002) (internal quotation marks omitted).

However, courts frequently deny attorney's fees and costs when bringing an interpleader action would be considered part of the disinterested stakeholder's normal course of business and the matter is straightforward to resolve. *Unum Life Ins. Co. of Am. v. Smith*, No. 2:17-cv-489-WKW, 2018 U.S. Dist. LEXIS 53245 at *12–13 (M.D. Ala. Mar. 28, 2018). "In fact, the majority of district court cases in the Eleventh Circuit disfavor the award of attorneys' fees in interpleader lawsuits involving insurance companies and disputed proceeds." *Id.* at *13. As the Eleventh Circuit has explained:

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds-- disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a

> regular cost of business and, therefore, is undeserving of a fee award.

*In re Mandalay Shores Coop. Hous. Ass'n*, 21 F.3d 380, 383 (11th Cir. 1994).

John Hancock says that it had to bring this action because it could not convince the defendants to work out an agreement. (Doc. 46 at 6–7.) Surely this is not the first time John Hancock has encountered a situation in which current and prior beneficiaries could not reach an agreement as to entitlement to insurance policy proceeds, and the need to bring an interpleader action in a case such as this was reasonably foreseeable to a large insurance company. The case itself appears to be relatively straightforward. The only "complication" noted in John Hancock's motion is "the fact that the Defendants reside in multiple jurisdictions, requiring proper service." (Doc. 46 at 7.) Specifically:

> [T]hough Defendant SHARON RAYFIELD's attorney, Jennifer Benton, Esq., initially notified JOHN HANCOCK that SHARON RAYFIELD was making a claim to benefits under the Policies, Ms. Benton later refused to accept service on SHARON RAYFIELD'S behalf, and notified JOHN HANCOCK that she no longer represented SHARON RAYFIELD, resulting in delay and requiring research and extra time to locate SHARON RAYFILED for service of the Complaint.

(*Id.* at 7–8.) Ms. Rayfield did not address this allegation in her response,[1] so the Court will accept this as a valid complication.

## II.   CONCLUSION

Based on the foregoing, the Court finds that John Hancock is entitled, at most, to its costs for serving Ms. Rayfield. The affidavit from John Hancock's lead counsel states that Plaintiff "incurred costs in excess of $400.00 for filing fees and service charges" (Doc. 46-1 ¶ 5), but does

---

[1] Ms. Rayfield's attorney subsequently filed a suggestion of death as to Ms. Rayfield. (Doc. 49.) The Court has granted an extension of time for the parties to move for her substitution. (Doc. 58.)

not otherwise provide any detail regarding the costs John Hancock incurred from serving Ms. Rayfield. Without that information and supporting documentation, the Court cannot award costs for service of process. Therefore, John Hancock's motion is **DENIED WITHOUT PREJUDICE**. Any future motion for attorney's fees and costs must be limited to those fees and costs associated with serving Ms. Rayfield.

  **DONE** and **ORDERED** in Orlando, Florida on June 18, 2020.

                _____
                EMBRY J. KIDD
                UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties