UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN HANCOCK LIFE
INSURANCE COMPANY (U.S.A.),**

**Plaintiff,**

v.                                                  **Case No.  6:19-cv-1270-CEM-EJK**

**RANDY ALLEN RAYFIELD,
JAMES ANDREW RAYFIELD,
WILLIAM ROBERT RAYFIELD,
III, and AMERICAN FUNERAL
FINANCIAL, LLC,**

**Defendants.**

_____/

### ORDER

THIS CAUSE is before the Court on American Funeral Financial, LLC's ("AFF") Objection to Disbursement of Funds and Motion to Disburse Funds ("Motion," Doc. 110), and Memorandum of Law in Support ("Memorandum," Doc. 114). Randy Allen Rayfield, James Andrew Rayfield, and William Robert Rayfield, III (collectively, "the Rayfields") have filed an omnibus Response (Doc. 115).

### I.    BACKGROUND

This is an interpleader action filed by John Hancock Life Insurance Company ("John Hancock") concerning two life insurance policies—Policy No. 062090665 ("Policy One," Doc. 1-1, at 2–10) and Policy No. 064421539 ("Policy Two," Doc.

1-1, at 12–22). The remaining claimants are the Rayfields and AFF. (*See generally* Compl., Doc. 1; July 29, 2021 Order, Doc. 102, at 1–2 (dismissing Sharon Rayfield as a claimant)). John Hancock deposited the proceeds of the policies with the Court—$13,207.76 as to Policy One and $31,271.78 as to Policy Two. (*See generally* John Hancock Deposit 1, Doc. 38; John Hancock Deposit 2, Doc. 39; *see also* Oct. 23, 2019 Order, Doc. 37, at 3).

The procedural history relevant to this Order is that this Court issued an Order ("Summary Judgment Order," Doc. 108) on AFF's Motion for Summary Judgment in which it ordered that judgment be entered in favor of AFF and against the Rayfields in the amount of $26,603.79 and ordered the proceeds of Policy One to be disbursed to AFF. (Doc. 108 at 10). The Court simultaneously ordered the parties to show cause as to why the proceeds of Policy Two should not be disbursed equally among the Rayfields. (*Id.* at 10–11). The Clerk then entered judgment in favor of AFF and against the Rayfields. (*See generally* Judgment, Doc. 109).

AFF filed the present Motion as both a response to the Summary Judgment Order's proposed disbursement of Policy Two, and as a motion to instead disburse $13,396.03 plus any accrued interest from Policy Two to AFF and the remainder to the Rayfields equally. (Doc. 110 at 3). The Court held a hearing with the parties (July 7, 2022 Min. Entry, Doc. 112) wherein the Rayfields informed the Court that they contest AFF's proposed distribution. Per the Court's instructions, AFF filed the

Memorandum providing additional legal support and argument in favor of its Motion, and the Rayfields filed the Response.

## II.    ANALYSIS

AFF moves the Court to disburse to it $13,396.03 plus any accrued interest from the proceeds of Policy Two currently being held with the Court as partial satisfaction of its judgment.[1] AFF attests that this is the balance remaining on its judgment, after the $13,207.76 ordered to be disbursed to AFF from the proceeds of Policy One is applied to the $26,603.79 judgment. AFF argues that such a distribution is appropriate pursuant to Federal Rule of Civil Procedure 69(a)(1), which states: "A money judgment is enforced by a writ of execution, unless the court directs otherwise." Given the laborious procedural history and current posture of this case, AFF argues that the formality of requiring it to acquire a writ of execution should be bypassed and asks the Court to utilize the discretion provided in Rule 69(a)(1) in fashioning its relief.

Rule 69(a)(1) further states that in executing a judgment the procedure on execution "must accord with the procedure of the state where the court is located." Florida law provides that "[f]inal process to enforce a judgment solely for the payment of money shall be by execution, writ of garnishment, or other appropriate

---

[1] AFF also asserts that there is a Clerk's fee attached to the registry funds and argues that this fee should be deducted from, under AFF's proposed distribution, the Rayfield's balance. (Doc. 114 at 2). The Clerk's office does not charge any such fee.

process or proceedings." Fla. R. Civ. P. 1.570. A writ of execution in Florida is issued by the clerk of court, addressed to the state sheriffs, and requires the identities of the judgment creditor and judgment debtor, the amount of the judgment, and any applicable post-judgment interest rate. Fla. R. Civ. P. 1.914(a) (writ of execution form).

This case presents a somewhat unique situation where a party has been granted a judgment and, simultaneously, the Court holds funds as part of that same case that could be used to satisfy the judgment. "[O]nce funds are deposited, it is the district court which should determine ownership and make disbursement." *Klayman v. Jud. Watch, Inc.*, 650 F. App'x 741, 743 (11th Cir. 2016) (quotation omitted). AFF has substantively satisfied the information required for a writ of execution. AFF has a money judgment issued by this Court which remains partially unsatisfied, has identified the judgment creditor—AFF—and the judgment debtors—the Rayfields—and has provided the amount of the judgment that it seeks to collect.[2] The Motion also satisfies the Middle District of Florida Local Rule 7.03(b), which outlines requirements for requesting a disbursement of money from the court's registry. *Id.* (requiring movants to (1) "identify each recipient of the disbursement; (2) "propose a precise disbursement of both the principal and the accumulated

---

[2] AFF does not represent that it is seeking post-judgment interest.

interest;" and (3) propose an "accounting for each fee or other charge against the deposit").

"[T]he purpose of a writ of execution is to ensure that a judgment creditor can collect on its judgment." *Bre Mariner Marco Town Ctr., LLC v. Zoom Tan, Inc.*, No. 2:15-cv-284-FtM-29CM, 2016 WL 6138623, *4 (M.D. Fla. Oct. 21, 2016). Because the money on which AFF seeks to collect to fulfill its judgment is already with the Court and ripe for disbursement, a writ of execution would be superfluous. *See Zelaya/Cap. Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1303 (11th Cir. 2014) (Finding the district court did not err in dissolving as moot writs of garnishment where "the writs of garnishment against the banks served no purpose once the disputed funds had been deposited by [the judgment debtor] into the court's registry. [The judgment creditor] needed no further help in securing its debt at that point because the entire amount of the judgment plus postjudgment interest was being safeguarded by the district court."). Further, requiring AFF to institute new procedures to pursue the same funds in state court would be a waste of judicial and state resources given the procedural posture of this case.

Finally, the time to file an appeal or otherwise petition the Court for a change in the judgment has passed. 28 U.S.C. § 2107(a) (requiring an appeal be filed "within thirty days after the entry of such judgment"); Fed. R. Civ. P. 59(e) (requiring a "motion to alter or amend a judgment" be "filed no later than 28 days after the entry

of the judgment"). And, the Rayfields have been given notice of AFF's intent to collect on the Policy Two funds and an opportunity to respond.

In turning to the Rayfields' arguments in opposition, the Court finds it all to be unpersuasive. First, the Rayfields seem to argue that they are not collectively subject to AFF's judgment, claiming that "the only party that contracted with AFF is Randy Allen Rayfield" and only acknowledging the existence of a "judgment that AFF has secured against Randy Allen Rayfield." (Doc. 115 at 2). The Rayfields are mistaken. While AFF previously attempted to assert its entitlement to the Policy Two funds through its relationship with Randy Rayfield via the assignment of Policy One, that argument was denied by this Court in the Summary Judgment Order. (Doc. 108 at 8–9). AFF now pursues the Policy Two funds through a different avenue, namely, the enforcement of its judgment. To be clear, the judgment issued by this Court in favor of AFF is "against Randy Allen Rayfield, James Andrew Rayfield, and William Robert Rayfield, III." (Doc. 109 at 1).

Second, the Rayfields argue against AFF's entitlement to attorney's fees. (Doc. 115 at 2; Supplement, Doc. 116, at 1). However, the Court cannot find anywhere in the Motion or Memorandum where AFF asks the Court for an award of attorney's fees. This argument will thus not be addressed. Third, in an affidavit Randy Rayfield attests that he "paid a smaller amount out of [his] own funds" to AFF. (Rayfield Aff., Doc. 116, at 3). However, no further information is provided,

including proof of such payment or even the specific amount. Without more information the Court cannot apply this "smaller amount" toward satisfaction of AFF's judgment, assuming that is what the Rayfields' are asking this Court to do.

Finally, the Rayfields argue that "there would be insufficient funds in that $31,000 disbursement to satisfy the judgment," (Doc. 115 at 2), without further elaboration. AFF is asking that it be disbursed $13,207.76 plus interest; it is unclear how the $31,271.78 being held with the Court from Policy Two would not satisfy such a disbursement.

### III.    CONCLUSION

For the reasons stated herein, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Objection to Disbursement of Funds and Motion to Disburse Funds (Doc. 110) is **GRANTED**.

    a.  The Clerk is directed to disburse to American Funeral Financial, LLC c/o Warren R. Ross $13,396.03 plus any accrued interest from the proceeds of Policy Number 062090665 deposited with the Court (Doc. 39). The Clerk is directed to disburse the remainder of the proceeds plus any accrued interest of Policy Number 062090665 equally among Randy Allen Rayfield, James Andrew Rayfield, and William Robert Rayfield, III.

2.  The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 31, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record